UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE, UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF DECEMBER 1, 2006 FREMONT HOME LOAN TRUST 2006-E, a national banking association,

Plaintiffs

vs. Case No.: 8:11-cv-01985-JDW-TGW

FLORIDA FORECLOSURE ATTORNEYS, PLLC, a limited liability company,

Defendant.

______________________________/

**PROVEST, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO FLORIDA FORECLOSURE ATTORNEYS, PLLC'S THIRD PARTY COMPLAINT**

Third-Party Defendant, ProVest, LLC, ("ProVest"), by and through the undersigned counsel, file this Answer and Affirmative Defenses to the Third Party Complaint filed by Defendant / Third Party Plaintiff, Florida Foreclosure Attorneys, PLLC ("FFA"), and states:

**JURISDICTIONAL ALLEGATIONS**

1. Admitted for jurisdictional purposes only.

2. Admitted for jurisdictional purposes only.

3. ProVest denies that the bid at the subject foreclosure sale was made by an agent or employee of ProVest. Remainder admitted.

4. Admitted that the referenced pleading seeks the relief stated. Remainder denied.

5. Denied that ProVest is a "Florida" limited liability corporation. Remainder admitted for jurisdictional purposes only.

6. Admitted.

**GENERAL ALLEGATIONS**

7. Without knowledge, therefore denied.

8. Denied that FFA "contracted" with ProVest to attend the subject foreclosure sale.

9. Admitted only that the bidding instructions contained the quoted language.

10. Admitted.

11. Denied that ProVest's use of contractors to attend foreclosure sales was without the knowledge and consent of FFA.

12. Denied that FFA "lost" the bid. Remainder admitted.

13. Denied that there was "breach" or a "contract." Remainder admitted.

14. Denied.

**COUNT I – BREACH OF WRITTEN CONTRACT**

15. The responses to the cited paragraphs are re-stated as though fully set forth herein.

16. Denied.

17. Denied.

18. This paragraph's reference to "negligently" calls for a legal conclusion to which no response is required. Denied that FFA "lost" the property.

19. Denied that there was a "contract." Admitted that FFA paid ProVest.

20. Denied.

**COUNT II – BREACH OF ORAL CONTRACT**

21. The responses to the cited paragraphs are re-stated as though fully set forth herein.

22. Denied.

23. Denied.

24. Denied that the referenced entity(s) was ProVest's "agent, employee or assign." This paragraph's reference to "negligently" calls for a legal conclusion to which no response is required. Denied that FFA "lost" the property.

25. Denied.

**COUNT III – NEGLIGENT MISREPRESENTATION**

26. The responses to the cited paragraphs are re-stated as though fully set forth herein.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Admitted that the entity(s) alleged attended the subject foreclosure sale. Denied that there was a "contract" between FFA and ProVest regarding such.

33. Denied that the referenced entity(s) was ProVest's "agent, employee or assign." This paragraph's reference to "negligently" calls for a legal conclusion to which no response is required.

34. Denied.

**COUNT III [SIC] (hereafter "COUNT IV") – FRAUDULENT MISREPRESENTATION**

35. The responses to the cited paragraphs are re-stated as though fully set forth herein.

36. Denied.

37. Denied.

38. Denied.

39. Admitted that the entity(s) alleged attended the subject foreclosure sale. Denied that there was a "contract" between FFA and ProVest regarding such.

40. Denied that the referenced entity(s) was ProVest's "agent, employee or assign." This paragraph's reference to "negligently" calls for a legal conclusion to which no response is required.

41. Denied.

42. Denied.

**AFFIRMATIVE DEFENSES TO THIRD PARTY COMPLAINT**

1. Counts I and II are barred because ProVest's obligation to perform under any alleged contract may be excused under the doctrine of commercial frustration because the purposes of the alleged contract, or those which were bargained for, were frustrated by the acts and omissions of FFA.

2. Counts I and II are barred by the Statute of Frauds, in that this was a transaction involving interests related to real property in which the full terms of the alleged agreement or contract between the parties were not reduced to writing.

3. Counts I and II are barred by the doctrine of mutual mistake, in that the alleged contract was rendered voidable because both parties, at the time of making the alleged contract, were mistaken as to a basic assumption of the alleged contract that has a material effect on the parties' performances under the alleged contract.

4. Count I and II are barred by the doctrine of unilateral mistake, in that the alleged contract was rendered voidable because FFA, at the time of making a contract, was mistaken as to a basic assumption of the contract that has a material effect on the parties' performances which was allegedly adverse to FFA.

5. Counts III and IV are barred because mere statements of opinion as to performance or services do not constitute legal misrepresentations and are not actionable.

6. Counts III and IV are barred because legal misrepresentations do not result from a party's puffery in stating opinions or commendations about the value of a service.

7. Counts III and IV are barred because false statements regarding promised future action are not actionable unless the promising entity had no intention of performance at the time of the representation.

8. Counts III and IV are barred by the doctrine of waiver in that FFA had actual or imputed knowledge of the facts supporting the fraud claim, including but not limited to the fact that ProVest used independent contractors to attend foreclosure sales.

9. Counts III and IV are barred by the doctrine preventing pleading a tort-based count, such as negligence or fraud, simultaneously with a breach of contract count. The doctrine applies when parties are allegedly in contract and one party seeks to recover economic damages in tort for matters arising from the contract.

10. Counts III and IV are barred because no claim for fraud will lie unless there is damage due to fraud that is separate from damages resulting from any subsequent contractual breach.

11. Counts III and IV are barred because, in order to allege fraud, the party must allege with specificity the relevant facts and circumstances supporting the defense, as well as all of the essential elements of fraudulent conduct, which FFA has failed to do.

12. FFA was negligent and that negligence was the sole and proximate cause of any alleged injuries and damages which FFA allegedly sustained, thus precluding FFA from any recovery.

13. FFA was negligent and that negligence was a contributing cause of any alleged injuries and damages thus reducing FFA's damages, if any, in direct proportion to the negligence of FFA.

14. Plaintiff, "HSBC Bank USA, National Association, As Trustee Under the Pooling Agreement and Servicing Agreement dated December 1, 2006, Fremont Loan Trust 2006-E, a national banking association" ("HSBC") was negligent and that negligence was the sole and proximate cause of any alleged injuries and damages which FFA allegedly sustained, thus precluding FFA from any recovery.

15. HSBC was negligent and that negligence was a contributing cause of any alleged injuries and damages, thus reducing FFA's damages, if any, in direct proportion to the negligence of HSBC.

16. Any alleged losses or damages were the result of acts and/or omissions of third persons, either natural or corporate, including James Liburdi and JJ&D Burdi, Inc., over whom ProVest had no control or authority, and therefore ProVest is not liable. These third persons are not parties to this action, but should be placed on the verdict form, thus reducing any recovery by FFA by the percentage of fault attributable to these third persons.

17. Any alleged losses or damages were the result of acts and/or omissions of third persons, either natural or corporate, including James Liburdi and JJ&D Burdi, Inc., over whom ProVest had no control or authority. Such acts and/or omissions constitute a supervening, intervening event, breaking the chain of causation between FFA's alleged damages and ProVest's acts and/or omissions.

18. FFA failed and/or refused to take reasonable measures to mitigate the alleged damages claimed in this action, including but not limited to failing to take appropriate steps to

vacate the subject sale, despite having full knowledge of the need and opportunity to do so within the time allowed by law, and therefore, FFA's recovery, if any, should be reduced by the degree FFA failed to mitigate the damages claimed in this action.

19. Pursuant to the provisions of Florida Statute 768.76, the amount of any damages awarded to FFA shall be reduced by the total amount of any collateral sources of indemnity or benefit which have been paid or are available to FFA.

20. Pursuant to the provisions of Florida Statute Section 768.81, any judgment against ProVest is limited to that percentage of the FFA's damages caused by ProVest's percentage of fault and not on the basis of the Doctrine of Joint and Several Liability, except as otherwise provided under Florida Statute 768.81.

Respectfully Submitted,

By:____________________________
DAVID I. WYNNE, JR., ESQUIRE
Florida Bar Number: 326290
Law Offices of Scott L. Astrin
Staff Attorneys for Chartis
100 N. Tampa Street, Suite 2530
Tampa, FL 33602
Phone: 813-218-3118
Fax: 813-649-8362
Email: david.wynne@chartisinsurance.com
Attorney for Defendant ProVest, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of November, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants, to:

David I. Wynne, Jr., Esquire

Patricia Lynch Franklin, Esquire
Latasha C. Marshall-Scott, Esquire
Michael D. Starks, Esquire
William Patrick Gray, III, Esquire
William P. Heller, Esquire